NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VINCENT H. PINDER, | No.    18-15559 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00572-MMD-WGC |
| v. | |
| RENEE BAKER, Warden; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 7, 2020**

Before:    TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Nevada state prisoner Vincent H. Pinder appeals pro se from the district

court's order enforcing the terms of a settlement agreement in his 42 U.S.C. § 1983

action alleging retaliation and excessive force.  We have jurisdiction under 28

U.S.C. § 1291.  We review for an abuse of discretion the district court's

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

enforcement of a settlement agreement, *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002), and for clear error the district court's findings of fact, *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1995). We affirm.

The district court did not abuse its discretion in enforcing the settlement agreement because the district court's findings that the parties agreed that Pinder would release all remaining claims set for trial, and that any mistake by Pinder was unilateral, were not clearly erroneous. *See Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1089 (9th Cir. 2015) (construction and enforcement of a settlement agreement is governed by local law of contract interpretation); *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005) (setting forth essential elements to the existence of a contract under Nevada law and noting that a contract may be formed "when the parties have agreed to the material terms, even though the contract's exact language is not finalized until later").

We reject as meritless Pinder's contention that the district court improperly failed to rule on his motion for default judgment.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

18-15559